UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
MIROSLAW MIKOLAJCZUK            :
                Plaintiff,      :        CASE NO.: 3:22-CV-1194
                                :
v.                              :
                                :
THE STOP & SHOP SUPERMARKET     :
COMPANY LLC                     :
                Defendant.      :
                                :        SEPTEMBER 22, 2022
-------------------------------------------------------x
```

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, the undersigned defendant submits this Notice of Removal of a state court action currently pending in the Superior Court of the State of Connecticut, Judicial District of Hartford, entitled Miroslaw Mikolajczuk v. The Stop & Shop Supermarket Company LLC, Docket Number HHD-CV22-6160704-S, returnable September 27, 2022.  As grounds for removal, the defendant states the following:

1.      The plaintiff's action arises out of an incident wherein he allegedly consumed medication, provided to him by the defendant in Springfield, Massachusetts, that caused him to drive off the roadway in Suffield, Connecticut and suffer personal injuries.

2.      The plaintiff served process on the defendant's agent for service of process on August 19, 2022.  The defendant received the Summons and Complaint on August 23, 2022.  The defendant attaches a copy of the Writ, Summons and Complaint with the Return of Service of Process as **Exhibit A**.  The defendant also attaches the executed affidavit of

Susan Calaman, an employee of Retail Business Services who is duly authorized to accepted Summons and Complaints notifying the defendant of civil lawsuits filed against it, as **Exhibit B**.

3.      The action described in the preceding paragraphs is a civil action over which this Court has original jurisdiction under the provisions of Title 28, United States Code §1332.  This case is removable to this Court by the defendant, because:

        a)      the plaintiff is a citizen of the state of Connecticut;

        b)      the defendant, The Stop & Shop Supermarket Company LLC, is a limited liability company with no members that have Connecticut citizenship;

        c)      the sole member of The Stop & Shop Supermarket Company LLC is Ahold U.S.A., Inc., which is a Delaware corporation with a principal place of business in Quincy, Massachusetts; and

        d)      there is complete diversity of citizenship between the plaintiff and the defendant to this lawsuit.

4.      Based on the allegations of the Complaint, the defendant has a good faith belief that the amount in controversy exceeds $75,000, excluding interest and costs.

5.      This Court has subject matter jurisdiction over all claims contained within this lawsuit.

6.      This Notice of Removal is timely.  The defendant filed this Notice of Removal with this Court within thirty days after its receipt of the Writ, Summons and Complaint setting forth the claim for relief upon which the action is based.

7.      Pursuant to § 1446(d) the defendant gave written notice of the filing of this Notice of Removal to all parties of record.

8.      This defendant has filed a true copy of this Notice of Removal with the clerk of the state court in which the action is pending.

WHEREFORE the defendant, The Stop & Shop Supermarket Company LLC, removes the foregoing action, now pending in the superior court, Judicial District of Hartford, to this Court.

THE DEFENDANT
THE STOP & SHOP SUPERMARKET
COMPANY LLC

By____/s/CT25226_____
            Kevin C. Hines, Esq.
            Nuzzo & Roberts, L.L.C.
            Fed bar no. ct 25226
            Nuzzo & Roberts, L.L.C.
            P.O. Box 747
            Cheshire, CT 06410
            (203) 250-2000
            (203) 250-3131 [fax]

<u>CERTIFICATION</u>

I certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on September 22, 2022 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

Garrett M. Moore, Esq.
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
gmoore@mojylaw.com

/s/ CT25226
Kevin C. Hines

# <u>EXHIBIT A</u>



**SUMMONS - CIVIL**
JD-CV-1   Rev. 11-19
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. | STATE OF CONNECTICUT SUPERIOR COURT *www.jud.ct.gov* |
|---|---|

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* 95 WASHINGTON STREET, HARTFORD, CT 06106 | Telephone number of clerk ( 860 ) 548 – 2700 | Return Date *(Must be a Tuesday)* 09/27/2022 |
|---|---|---|

| ☒ Judicial District   ☐ Housing Session | G.A. Number: | At *(City/Town)* HARTFORD | Case type code *(See list on page 2)* Major: **T**   Minor: **28** |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* Garrett M. Moore, Sr., Moore, O'Brien & Foti, 891 Straits Turnpike, Middlebury, CT 06762 | Juris number *(if attorney or law firm)* 308035 |
|---|---|

| Telephone number ( 203 ) 272 – 5881 | Signature of plaintiff *(if self-represented)* |
|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* GMOORE@MOJYLAW.COM |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **MIKOLAJCZUK, MIROSLAW** Address: 178 MAPLETON AVENUE, SUFFIELD, CT 06078 | P-01 |
| **Additional plaintiff** | Name: Address: | P-02 |
| **First defendant** | Name: The Stop & Shop Supermarket Company LLC    1385 Hancock Street, Quincy, MA 02169 Address: Agent for Service: Corporation Service Company | D-01 |
| **Additional defendant** | Name: Goodwin Square, 225 Asylum St., 20th FL, MC-CSC1, Hartford, CT 06103 Address: | D-02 |
| **Additional defendant** | Name: Address: | D-03 |
| **Additional defendant** | Name: Address: | D-04 |
| Total number of plaintiffs: 1 | Total number of defendants: 1    ☐ Form JD-CV-2 attached for additional parties | |

**Notice to each defendant**

1. **You are being sued**. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 08/16/2022 | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court ☐ _____ Clerk | Name of person signing GARRETT M. MOORE, SR. |
|---|---|---|---|

| If this summons is signed by a Clerk: a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. c. The court staff is not permitted to give any legal advice in connection with any lawsuit. d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | For Court Use Only File Date |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

**Page 1 of 2**

RETURN DATE: September 27, 2022    :    **SUPERIOR COURT**

**MIROSLAW MIKOLAJCZUK**    :    **J.D. OF HARTFORD**

**Vs.**    :    **AT HARTFORD**

**THE STOP & SHOP SUPERMARKET**
**COMPANY LLC**    :    **AUGUST 16, 2022**

## COMPLAINT

**FIRST COUNT:**     **(MIROSLAW MIKOLAJCZUK v. THE STOP & SHOP SUPERMARKET COMPANY LLC)**

1.    At all times mentioned herein, the plaintiff, **MIROSLAW MIKOLAJCZUK**, was a resident of Suffield, Connecticut.

2.    At all times mentioned herein, the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, was a Delaware based limited liability company with a business address of 1385 Hancock Street in Quincy, Massachusetts and was authorized to transact business within the State of Connecticut.

3.    At all times mentioned herein, the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, was engaged in the business of, *inter alia*, owning, operating and/or maintaining pharmacy stores that dispense prescription medications to its patients and/or customers.

4.    At all times mentioned herein, the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, employed pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants

and/or employees who were associated with and/or involved with the filling and dispensing of medications.

5.     At all times mentioned herein, the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, its pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees, owned, possessed, managed, maintained and/or controlled the STOP AND SHOP PHARMACY 0080 (hereinafter "Pharmacy") located at 1277 Liberty Street in Springfield, Massachusetts and was responsible for filling and dispensing of medications.

6.     At all times mentioned herein, the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, its pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees, were required to provide the level of care, skill and treatment which, in light of all of the relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

7.     On July 20, 2021, at approximately 9:25 a.m., the plaintiff, **MIROSLAW MIKOLAJCZUK**, presented to Baystate Urgent Care located at 3400 B Main Street in Springfield, Massachusetts with complaints of left ear and facial pain.

8.     The medical personnel at Baystate Urgent Care diagnosed the plaintiff, **MIROSLAW MIKOLAJCZUK**, with left otitis externa and prescribed him

Hydrocortisone/Neomycin/Polymyxin B otic solution (1%-0.35%-100000 u/ml), Ibuprofen 800 mg oral tablet, Levofloxacin 500 mg oral tablet and Tramadol 50 mg oral tablet.

      9.     Baystate Urgent Care ordered the prescriptions for pickup at the Pharmacy located at 1277 Liberty Street in Springfield, Massachusetts.

      10.    Later that morning, the plaintiff, **MIROSLAW MIKOLAJCZUK**, presented to the Pharmacy located at 1277 Liberty Street in Springfield, Massachusetts and provided his driver's license to the pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees.

      11.    Pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees, of the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, then negligently provided the plaintiff, **MIROSLAW MIKOLAJCZUK**, with medications prescribed to a completely different patient.[1]

      12.    Pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees, of the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, negligently provided the plaintiff, **MIROSLAW MIKOLAJCZUK**, with pill bottles of Ropinrole

---

[1] For privacy purposes, the plaintiff has not included the name of the patient whose medication was provided to the plaintiff.

**MOORE, O'BRIEN & FOTI** • *ATTORNEYS AT LAW*
891 STRAITS TURNPIKE • MIDDLEBURY, CT 06762 • TEL. (203) 272-5881 • JURIS NO. 408519

HVL 5 MG tabs, Quetiapine Fumarate (Seroquel) 300 MG tabs, Alprazolam (Xanax) 2

MG tabs and Lorazepam (Ativan) 2 MG tabs.

13.    At all times mentioned herein, pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees of the pharmacy were acting within the course of their official duties.

14.    Shortly thereafter, believing the medication dispensed to him by the Pharmacy were the medications prescribed to him by Baystate Urgent Care, the plaintiff, **MIROSLAW MIKOLAJCZUK**, consumed one 2 MG tab of Lorazepam (Ativan) and one 2 MG tab of Alprazolam (Xanax).

15.    At some point thereafter, **MIROSLAW MIKOLAJCZUK**, began operation of his motor vehicle.

16.    On July 20, 2021, at approximately 12:41 p.m., the plaintiff, **MIROSLAW MIKOLAJCZUK**, was traveling in a southerly direction on East Street S and had reached a point in the roadway two tenths of a mile north of its intersection with Boston Neck Road, both public streets or highways in Suffield, Connecticut.

17.    At the same time and place, the plaintiff, **MIROSLAW MIKOLAJCZUK**, suddenly and without warning, became dizzy, fell asleep and/or lost consciousness.

MOORE, O'BRIEN & FOTI  •  *ATTORNEYS AT LAW*
891 STRAITS TURNPIKE  •  MIDDLEBURY, CT 06762  •  TEL. (203) 272-5881  •  JURIS NO. 408519

18.     As a result, the motor vehicle operated by the plaintiff, **MIROSLAW MIKOLAJCZUK**, struck the guardrail located on East Street S, thereby causing the plaintiff to suffer the injuries and losses set forth below.

19.     The incident was caused by the negligence of the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, its pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees, in one or more of the following ways:

a.     It failed to take responsible and appropriate measures to ensure that that the plaintiff received the correct prescription;

b.     It failed to appropriately warn the plaintiff of the side effects of the medications provided to him;

c.     It failed to discover in a timely manner that an error was made in the filling of the plaintiff's prescriptions;

d.     It failed to contact the plaintiff to inform him that it had incorrectly filled his prescriptions and not to take them;

e.     It failed to provide pharmacists and other health care professionals, who possess the requisite knowledge, skill and experience to adequately and properly dispense medications for patients such as the plaintiff;

MOORE, O'BRIEN & FOTI  •  ATTORNEYS AT LAW
891 STRAITS TURNPIKE  •  MIDDLEBURY, CT 06762  •  TEL. (203) 272-5881  •  JURIS NO. 408519

f.    It failed to follow, promulgate and/or enforce proper policies, procedures and quality control measures to prevent the improper dispensing of prescriptions to the plaintiff;

g.    It failed to fulfill a prescription that was necessary to manage the plaintiff's condition;

h.    It improperly provided the plaintiff with prescription medication belonging to an entirely different patient;

i.    It failed to make sure that the medication provided to the plaintiff was the same as the medication that he was prescribed;

j.    It provided a prescription for Alprazolam (Xanax) and Lorazepam (Ativan) when it knew or should have known that no doctor had prescribed that medication to the plaintiff;

k.    It filled a prescription for Alprazolam (Xanax) and Lorazepam (Ativan) when it knew or should have known that no doctor had prescribed that medication to the plaintiff;

l.    It delivered a prescription for Alprazolam (Xanax) and Lorazepam (Ativan) when it knew or should have known that no doctor had prescribed that medication to the plaintiff;

m.   It failed to exercise reasonable care in filling the plaintiff's prescriptions;

n.    It failed to ensure that the plaintiff received the correct prescription;

6

o.    It failed to take reasonable and appropriate measures to ensure that the plaintiff received the correct prescription;

p.    It failed to organize patients' prescriptions to ensure that prescriptions were delivered to the correct patient;

q.    It stored and/or organized patients' prescriptions in such a manner that it caused patients to receive prescriptions that did not belong to them; and/or

r.    It failed to store patients' prescriptions in different locations to prevent a patient mix-up.

20.    As a result of the negligence of the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, its pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees, the plaintiff, **MIROSLAW MIKOLAJCZUK**, suffered the following injuries, some or all of which may be permanent in nature:

a.    Drowsiness;

b.    Dizziness;

c.    Loss of consciousness;

d.    Head pain;

e.    Left ear pain;

f.    Cervical strain/sprain;

g.    Neck pain;

MOORE, O'BRIEN & FOTI   •   *ATTORNEYS AT LAW*
891 STRAITS TURNPIKE   •   MIDDLEBURY, CT 06762   •   TEL. (203) 272-5881   •   JURIS NO. 408519

h.      Thoracic strain/sprain;

i.      Lumbar strain/sprain;

j.      Lumbar radiculopathy;

k.      Left leg pain;

l.      Left leg paresthesia; and

m.      Pain and suffering, both mental and physical.

21.     As a result of the negligence of the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, its pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees, the plaintiff, **MIROSLAW MIKOLAJCZUK**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to his recovery, and may be forced to expend additional sums in the future.

22.     As a result of the negligence of the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, its pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees, the plaintiff, **MIROSLAW MIKOLAJCZUK**, was unable to work, to his financial detriment.

23.     As a result of the negligence of the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, its pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants

**MOORE, O'BRIEN & FOTI**  •  *ATTORNEYS AT LAW*
891 STRAITS TURNPIKE  •  MIDDLEBURY, CT 06762  •  TEL. (203) 272-5881  •  JURIS NO. 408519

and/or employees, the plaintiff, **MIROSLAW MIKOLAJCZUK**, has sustained a loss of earning capacity.

24.    As a result of the negligence of the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, its pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees, the plaintiff, **MIROSLAW MIKOLAJCZUK**, was unable, and remains unable, to participate in and enjoy his usual activities.

25.    As a result of the negligence of the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, its pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees, the plaintiff, **MIROSLAW MIKOLAJCZUK's**, motor vehicle was considerably damaged, he lost the use of his motor vehicle and was forced to expend money for repairs to his motor vehicle and suffered a diminution of value of his motor vehicle.

26.    An opinion by a similar healthcare provider, in accordance with General Statutes § 52-190(a), is attached hereto as Exhibit A.

MOORE, O'BRIEN & FOTI   •   *ATTORNEYS AT LAW*
891 STRAITS TURNPIKE   •   MIDDLEBURY, CT 06762   •   TEL. (203) 272-5881   •   JURIS NO. 408519

WHEREFORE, the plaintiff claims money damages.

THE PLAINTIFF,
MIROSLAW MIKOLAJCZUK

By _____

    Garrett M. Moore, Sr.
    Moore, O'Brien & Foti
    891 Straits Turnpike
    Middlebury, CT 06762
    Phone: (203) 272-5881
    Juris No.: 408519
    His Attorneys

10

**RETURN DATE: September 27, 2022**  :  **SUPERIOR COURT**

**MIROSLAW MIKOLAJCZUK**  :  **J.D. OF HARTFORD**

**Vs.**  :  **AT HARTFORD**

**THE STOP & SHOP SUPERMARKET**
**COMPANY LLC**  :  **AUGUST 16, 2022**

## STATEMENT OF AMOUNT IN DEMAND

The amount of money damages claimed is greater than Fifteen Thousand Dollars

($15,000.00), exclusive of interest and costs.

THE PLAINTIFF,
MIROSLAW MIKOLAJCZUK

By _____

Garrett M. Moore, Sr.
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762
Phone: (203) 272-5881
Juris No.: 408519
His Attorneys

**RETURN DATE: September 27, 2022**     :        **SUPERIOR COURT**

**MIROSLAW MIKOLAJCZUK**         :        **J.D. OF HARTFORD**

**Vs.**                               :        **AT HARTFORD**

**THE STOP & SHOP SUPERMARKET**
**COMPANY LLC**                 :        **AUGUST 16, 2022**

## CERTIFICATION

I, GARRETT M. MOORE, SR., hereby certify that I have made reasonable inquiry, as permitted by the circumstances, to determine whether there are grounds for good faith belief that there has been negligence in the care, treatment and/or the filling and dispensing of prescription medication to **MIROSLAW MIKOLAJCZUK**. This inquiry has given rise to a good faith belief on my part that grounds exist for an action against the defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC**, and/or their pharmacists, pharmacist technicians, pharmacist clerks, pharmacy assistants and/or other agents, apparent agents, servants and/or employees.

THE PLAINTIFF,
MIROSLAW MIKOLAJCZUK

By_____

         Garrett M. Moore, Sr.
         Moore, O'Brien & Foti
         891 Straits Turnpike
         Middlebury, CT 06762
         Phone: (203) 272-5881
         Juris No.: 408519
         His Attorneys

**Health Care Provider's Opinion**
**Pursuant to C.G.S. Section 52-190a**
**(NOT SUBJECT TO GENERAL DISCLOSURE)**

August 16nd, 2022

Louis J. Martocchio, III, Esq.
Moore, O'Brien & Foti
891 Straits Turnpike
Middlebury, CT 06762

RE: Miroslaw Mikolajczuk v. The Stop & Shop Supermarket Company LLC, et al

Dear Attorney Martocchio:

Thank you for asking me to review the case of Miroslaw Mikolajczuk v. The Stop & Shop Supermarket Company LLC, et al.  Briefly, my qualifications and background include the following: I obtained my Doctorate in Pharmacy in 1999 and completed a pharmacy practice residency in 2000. I began working at a large academic tertiary medical center in Boston, MA in 2000 as a clinical pharmacist, and eventually directed the hospital's clinical pharmacy services for over 5 years. I held the position of Regional Director of Pharmacy Services at a retail pharmacy focusing on post-acute care needs for approximately 3 years.  Presently, I am the Director of Pharmacy at an academic community hospital located in MA.  I am familiar with accepted standards of practice for pharmacies and pharmacists in overseeing drug dispensing in a variety of settings.

To reach my opinions in this case I have reviewed the following:

- Baystate Urgent Care Records 7/20/21 - 7/27/21
- Suffield Ambulance Report
- Baystate Medical Center 7/20/21 - 7/23/21
- Baystate Adult Medicine 8/20/21
- Baystate Rehab 9/3/21 - 9/30/21
- List of Mr. Mikolajczuk's Daily Medications at the time of the accident
- Pictures of the pill bottles that Mr. Mikolajczuk received
- The prescription labels/receipts
- Medication guides
- Police Report

Based on my review of the above-mentioned material, it is more likely than not that there were multiple deviations from the pharmacy standard of care in the dispensing of medications for Miroslaw Mikolajczuk, which ultimately led to Mr. Mikolajczuk's motor vehicle accident on July 20, 2021.

According to these documents, Mr. Mikolajczuk, a polish speaking man who does not read or write English, presented to Baystate Urgent Care on July 20, 2021, at 9:36 a.m. with complaints of left ear and facial pain. Mr. Mikolajczuk was diagnosed with left otitis externa. Staff at the Baystate Urgent Care prescribed him the following medications for pickup at Stop & Shop Pharmacy #80, 1277 Liberty Street in Springfield, Massachusetts (Stop & Shop Pharmacy):

- Hydrocortisone/Neomycin/Polymyxin B otic solution (1%-0.35%-10000 u/ml) 3 drops in left ear 3 times per day x 7days
- Ibuprofen 800 mg oral tablet, one tablet 3 times per day as needed for pain X 3 days
- Levofloxacin 500 mg oral tablet, one tablet one time per day for 7 days
- Tramadol 50 mg oral tablet, one tablet every 6 hours as needed for sever pain for 3 days

Shortly thereafter, Mr. Mikolajczuk presented to Stop & Shop Pharmacy to pick up the prescribed medications. Upon arrival, Mr. Mikolajczuk provided his driver's license to the pharmacy staff. Mr. Mikolajczuk was then provided with the medication prescribed for a different patient. The medications provided to Mr. Mikolajczuk were: Ropinrole HVL 5 MG tabs; Quetiapine Fumarate (Seroquel) 300 MG tabs; Alprazolam (Xanax) 2 MG tabs; and Lorazepam (Ativan) 2 MG tabs. No verbal instructions or conversation of any type took place.

Believing the medication dispensed to him by Stop & Shop Pharmacy were the medications prescribed to him by Baystate Urgent care, shortly thereafter, Mr. Mikolajczuk then mistakenly consumed one 2 MG tab of Lorazepam (Ativan) and one 2 MG tab of Alprazolam (Xanax). Mr. Mikolajczuk then began operation of his motor vehicle. At approximately 12:41 p.m. on July 20, 2021, Mr. Mikolajczuk was traveling in a southerly direction on East Main Street and had reached a point in the roadway two tenths of a mile north of its intersection with Boston Neck Road, in Suffield, Connecticut. At the same time and place, Mr. Mikolajczuk fell asleep and/or lost consciousness. As a result, the motor vehicle operated by Mr. Mikolajczuk struck the guardrail located on the East Street in Suffield, Connecticut. The Suffield Police Department as well as Suffield Emergency Medical Services arrive to the same shortly thereafter.

Based upon what I have reviewed, I believe within a reasonable degree of medical certainty that the staff of the Stop & Shop deviated from the standard of care when they dispensed incorrectly another patient's medications to Mr. Mikolajczuk. This includes the actions of the pharmacist(s), pharmacist technician(s), pharmacist clerk(s), pharmacy assistant(s) and/or other agents, apparent agents, servants, and/or employees associated with or involved with the filling and dispensing of prescriptions on July 20, 2021.

Stop & Shop Pharmacy improperly provided Mr. Mikolajczuk with: Ropinrole HCL 5 MG tabs; Quetiapine Fumarate (Seroquel) 300 MG tabs; Alprazolam (Xanax) 2 MG tabs; and Lorazepam (Ativan) 2 MG tabs. Mr. Mikolajczuk should have received: Hydrocortisone/Neomycin/Polymyxin B Otic (hydrocortisone/neomycin/polymyxin B otic 1%-0.35%-10000 u/ml solution); Ibuprofen (ibuprofen 50 mg oral tablet); Levofloxacin (levofloxacin 500 mg oral tablet); and Tramadol (tramadol 50 mg oral tablet). The medication provided to Mr. Mikolajczuk was not the medication prescribed or intended for him, the prescription containers dispensed by Stop & Shop were labeled for a different patient.

Alprazolam (Xanax) and Lorazepam (Ativan) are both benzodiazepine medications commonly used to treat anxiety and panic disorders but can be used for a variety of other indication including seizures and to provide sedation. Typical starting doses for anxiety and panic disorders would be in the 0.25-0.5mg three time per day for alprazolam and 0.5mg-1mg three times per day for lorazepam. Taking separately these medications can cause dose dependent significant drowsiness and sedated state. As Mr. Mikolajczuk was naive to both alprazolam and lorazepam the two, 2mg dose each would be considered high starting doses for non-sedation related indications (e.g. anxiety). However, because lorazepam and alprazolam were taken at the same time their clinical effects would be additive. In total, the doses

consumed would be considered an overdose of a benzodiazepine that would be expected to result in immediate sedation.

Stop & Shop Pharmacy failed to take responsible and appropriate measures to ensure that Mr. Mikolajczuk received the correct prescription. Stop & Shop Pharmacy failed to appropriately warn Mr. Mikolajczuk of the side effects of the medications provided to him.

Stop & Shop Pharmacy failed to discover in a timely manner that an error was made in filling Mr. Mikolajczuk's prescription(s). They failed to contact Mr. Mikolajczuk to inform him that it had incorrectly filled his prescriptions and not to take them.

Stop & Shop Pharmacy failed to provide pharmacists and other health care professionals, who possess the requisite knowledge, skill and experience to adequately and properly dispense medications for patients such as Mr. Mikolajczuk.

Stop & Shop Pharmacy failed to follow, promulgate and/or enforce proper policies, procedures and quality control measures to prevent the improper dispensing of prescriptions to Mr. Mikolajczuk.

These deviations were substantial factors leading to Mr. Mikolajczuk's motor vehicle accident at 12:41 p.m. on July 20, 2021. Mr. Mikolajczuk's complaints and injuries were the result of the incorrect dispensing of medication by Stop & Shop Pharmacy.

This is a preliminary opinion in this case to satisfy the good faith certificate requirement, pursuant to Connecticut General Statutes Section 52-190a. I understand that the statute provides that this written opinion, "shall not be subject to discovery by any party except for questioning the validity of the certificate." I understand that a copy of this opinion, with my name and signature expunged, will be attached to good faith certificate filed with the complaint when and if the lawsuit is filed.

My opinions are based upon my education, training and experience along with my review of the information available to me at this time. I reserve the right to supplement and/or amend my opinion as additional information becomes available.


Sincerely,

OFFICER'S RETURN TO COURT

STATE OF CONNECTICUT:
                        :   SS. HARTFORD                    AUGUST 19, 2022
COUNTY OF HARTFORD :


Then and by virtue hereof and by direction of the Plaintiff's attorney, I
made due and legal service upon the within named Defendant, **THE STOP &
SHOP SUPERMARKET COMPANY LLC,** by leaving a verified true and attested
copy of the original WRIT SUMMONS-CIVIL, COMPLAINT, STATEMENT OF
AMOUNT IN DEMAND, CERTIFICATION, EXHIBIT A, with CORPORATION
SERVICE COMPANY, AGENT FOR SERVICE for the within named Defendant,
at Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut.


The within is the original WRIT SUMMONS-CIVIL, COMPLAINT,
STATEMENT OF AMOUNT IN DEMAND, CERTIFICSATION, EXHIBIT A, with
my doings thereon endorsed.


                                                        ATTEST:


FEES:
SERVICE:          $ 40.00          JOHN A. LEPITO, JR.
TRAVEL              21.00          STATE MARSHAL
PAGES:              17.00          HARTFORD COUNTY
ENDORSEMENTS:        2.00

TOTAL:            $ 80.00

# EXHIBIT B

## AFFIDAVIT OF SUSAN CALAMAN

I, Susan Calaman, being duly sworn, do depose and say:

1.  I am over the age of eighteen (18) years old.

2.  I understand the obligations of an oath.

3.  This affidavit is made based on my own personal knowledge.

4.  I am employed by Retail Business Services in the Risk Management Services department.

5.  Retail Business Services is the risk management division of Ahold Delhaize USA, the parent company for The Stop & Shop Supermarket Company LLC (Stop & Shop).

6.  Retail Business Services accepts Summons and Complaints served in civil court against Stop & Shop from its service company, Corporate Service Company (CSC).

7.  In the scope of my employment with Retail Business Services, I am duly authorized to accept Summons and Complaints from CSC notifying Stop & Shop of civil lawsuits filed against Stop & Shop.

8.  I received the Summons and Complaint on behalf of Stop & Shop for the civil action entitled Miroslaw Mikolajczuk v. The Stop & Shop Supermarket Company LLC on August 23, 2022 via electronic mail from CSC. (See Exhibit 1).

Susan Calaman

Subscribed and sworn to before me, this 21ST day of September, 2022.

N/A
Commissioner of the Superior Court

or

Notary Public
My commission expires: SEPTEMBER 8, 2026

Commonwealth Of Pennsylvania - Notary Seal
**Stephanie Marie Phillips, Notary Public**
Cumberland County
My Commission Expires September 8, 2026
Commission Number 1426991

EXHIBIT 1

**From:** sop@cscglobal.com <sop@cscglobal.com>
**Sent:** August 23, 2022 2:49 PM
**To:** Susan Calaman <susan.calaman@retailbusinessservices.com>
**Subject:** Notice of Service of Process - Transmittal Number:25434053



**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: **25434053**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | The Stop & Shop Supermarket Company LLC |
| **Entity I.D. Number:** | 2114714 |
| **Entity Served:** | The Stop & Shop Supermarket Company LLC |
| **Title of Action:** | Miroslaw Mikolajczuk vs. The Stop & Shop Supermarket Company LLC |
| **Matter Name/ID:** | Miroslaw Mikolajczuk vs. The Stop & Shop Supermarket Company LLC (12802545) |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Hartford County Superior Court, Connecticut |
| **Case/Reference No:** | not shown |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC** | 08/19/2022 |
| **Answer or Appearance Due:** | 09/27/2022 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Moore, O'Brien & Foti
203-272-5881